UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                             Civ. No. 10-2102 (PAM/JJK)

            Petitioner,

v.                                          **MEMORANDUM AND ORDER**

Mark Arhebamen,

            Respondent.

---

This matter is before the Court on the April 22, 2011, Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes recommending that the Government's Petition to Determine Present Mental Condition of an Imprisoned Person be granted. Respondent filed pro se objections to the R&R, and his counsel also filed objections. The Government has responded to the objections, and the matter is ripe for review.

The Court must conduct a de novo review of all portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. L. R. 72.2(b). Based on that review, the Court adopts the R&R (Docket No. 29).

**BACKGROUND**

In 2001, Respondent Mark Arhebamen was convicted of tax fraud and received a 21-month sentence. During the prosecution for the tax fraud offense, Arhebamen lied to the Probation Office about several of his personal characteristics. He also failed to appear for the sentencing on the tax fraud conviction. He was prosecuted a second time, and charged with failure to appear at sentencing, making false claims of United States citizenship,

obstruction of justice, and making false statements to judicial officials. A jury convicted him on all counts and, in 2003, he was sentenced to 152 months' imprisonment. He has appealed that sentence more than once; his current appeal has resulted in yet another remand to the Eastern District of Michigan for resentencing. His sentence is currently set to expire in 2014.

During his federal incarceration, Arhebamen has on more than one occasion been transferred from the general prison population to the Federal Medical Center at Rochester, Minnesota ("FMC-Rochester"). The transfers were effected because staff at the correctional institutions believed that Arhebamen was mentally ill and in need of treatment.

Arhebamen has been diagnosed with schizophrenia, and indeed the psychiatric expert who testified on his behalf agreed with the staff at FMC-Rochester that Arhebamen is schizophrenic. This disease has manifested itself in a number of ways, including Arhebamen's belief that he is like or actually is God or Jesus, and his refusal to drink any liquid whatsoever. The refusal to drink or eat has, on several occasions since 2008, caused Arhebamen severe health problems. The last episode occurred in June 2010, when, after an 11-day fast from all food and water, Arhebamen suffered renal failure and received emergency fluids and medication.

After the June 2010 incident, the Government brought the instant Petition. Magistrate Judge Keyes held a hearing on the Petition in February 2011, and thereafter issued the R&R that is under review here.

**DISCUSSION**

Federal law provides that the Government may seek to commit an imprisoned individual to "a suitable facility for care or treatment." 18 U.S.C. § 4245(a).[1] To do so, the Government files a motion, or petition, "to determine the present mental condition" of an imprisoned person. The Court should grant the motion "if there is reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." Id. If the Court determines that the person meets the statutory criteria, the Court must commit the individual to the custody of the Attorney General, who "shall hospitalize the person for treatment in a suitable facility until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier." Id. § 4245(d). In other words, the instant Petition seeks to hospitalize Arhebamen at FMC-Rochester, but only until he is healthy or until his sentence expires in 2014. This is not an indefinite civil commitment case.

Nor, contrary to Arhebamen's belief, is this a motion to decide whether he can be forcibly medicated. (See Resp.'s 1st pro se Obj. at 6 (Docket No. 32) ("Because prison doctors believe that granting this petition means Arhebamen must be forcibly medicated, this court should deny the petition . . . .").) As Judge Keyes emphasized, the forcible-medication

---

[1] In the usual case, the Government's motion under § 4245 is precipitated by an inmate's refusal to be transferred to a health care facility. In this case, however, Arhebamen has never refused to be transferred to FMC-Rochester, and indeed all parties agree that Arhebamen will remain at FMC-Rochester for the remainder of his federal sentence.

issue is not before the Court at this time. (R&R at 30-31.) There is a different procedure for the facility to pursue if it seeks to medicate a patient against his will, and until that procedure has fully played itself out, Arhebamen cannot be forcibly medicated absent an emergency situation. Thus, Arhebamen's objection that FMC-Rochester intends to forcibly medicate him is not well taken in the context of this proceeding. The only issues to be determined here are whether Arhebamen suffers from a mental disease or defect, whether he is in need of custody for the care or treatment of the disease or defect, and whether the facility is a suitable facility for that custody. (See R&R at 22 (citing United States v. Horne, 955 F. Supp. 1141, 1144 (D. Minn. 1997) (Tunheim, J., adopting the R&R of Mason, M.J.)).)

**A.    Mental Disease or Defect**

All of the experts who testified at the hearing agreed that Arhebamen suffers from schizophrenia. They disagreed about the type of schizophrenia, but that disagreement does not change the fact that Arhebamen is schizophrenic. Arhebamen attempts to discredit this conclusion by pointing to his mental health records, which do not label him schizophrenic until 2007 or 2008. But whether he was schizophrenic, or exhibiting symptoms of schizophrenia, prior to 2007 is not relevant. What is relevant is whether Arhebamen is schizophrenic now, and even Arhebamen's expert agrees that he is. Thus, for the purposes of the statute, and as the R&R found, Arhebamen is suffering from a mental disease or defect.

**B.    Need of Custody or Care for Treatment**

Again, there seems to be little dispute that Arhebamen is in need of custody at FMC-

Rochester. All parties agree that Arhebamen's physical and mental status must be closely monitored, and that such monitoring is not possible in a mainline institution. As noted, apparently the Bureau of Prisons has already determined that Arhebamen will be housed at FMC-Rochester until he has served his sentence.

The dispute between the parties as to this factor turns on whether Arhebamen currently needs care or treatment in the form of medication. Arhebamen does not want to take anti-pyschotic medication, and FMC-Rochester apparently believes he needs such medication. But as discussed above, and more thoroughly in the R&R (R&R at 30-33), what form Arhebamen's treatment will take is simply not at issue in this proceeding. Granting the Government's Motion will not give the facility the permission to begin forcibly medicating Arhebamen, although a determination that forcible medication is appropriate may be made only after Arhebamen is committed under § 4245. Horne, 955 F. Supp. at 1151. Should the facility decide that Arhebamen must be medicated against his will, it must follow the procedures under 28 C.F.R. § 549.43, as fully outlined in the R&R, prior to beginning any forcible medication.[2]

As the R&R found, Arhebamen is in need of custody for care or treatment of his schizophrenia. This factor is therefore satisfied.

**C.      Suitable Facility**

Arhebamen does not contend that FMC-Rochester is unsuitable in any way. As

---

[2] In an emergency situation, such as that in June 2010, the facility may, of course, administer emergency medication as it deems necessary.

Magistrate Judge Keyes found, FMC-Rochester is a suitable facility for Arhebamen's continued custody.

### D.     Motion for New Hearing

Arhebamen filed a pro se "Motion for New Hearing" shortly after the R&R issued, contending that Magistrate Judge Keyes was "bias against the respondent" and that Judge Keyes "solicited and received additional testimonies from Doctor Shelley Stanton after the hearing concluded." (Mot. for New Hr'g at 1 (Docket No. 33).) Arhebamen's Motion stems in large part from the fact that Magistrate Judge Keyes requested, and was given, a tour of the facilities at FMC-Rochester after the hearing. The Court will not assume that Dr. Stanton and Magistrate Judge Keyes discussed Arhebamen's case at all during this tour; to do so would have been improper. Moreover, Arhebamen's counsel was invited to go on the tour but declined, further casting doubt on Arhebamen's fears about the purpose of the tour. A tour of a facility with which a judicial officer is unfamiliar is neither unusual nor nefarious and indeed is likely to increase that judicial officer's understanding of the issues in cases such as this.

The other issues the Motion raises are equally without merit. Arhebamen's Motion is denied.

### CONCLUSION

The Government has established that Arhebamen is "suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(a). Accordingly, **IT IS HEREBY ORDERED that**:

1. Respondent's Motion for New Trial (Docket No. 33) is **DENIED**;

2. The R&R (Docket No. 29) is **ADOPTED**;

3. The Government's Petition to Determine Present Mental Condition (Docket No. 1) is **GRANTED**;

4. The Court finds that Respondent is in need of custody for care or treatment of a mental disease and/or defect;

5. The Court further finds that FMC-Rochester is a suitable facility at which to treat Respondent's mental illness;

6. Respondent is committed to the custody of the United States Attorney General; and

7. The Attorney General hospitalize Respondent at FMC-Rochester.

Dated:   June   23,   2011

 s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge